**In the United States District Court**
**for the District of Minnesota**
**Fifth Division**

---

**Emily Larson, and Emily Larson as Personal Representative in the Estate of Johnnie Larson, deceased,**

Plaintiffs,

vs.

**The County of St. Louis, Minnesota, U. S. Steel & Carnegie Pension Fund, and Highmark Blue Cross & Blue Shield,**

Defendants.

Court File No. Civil 00-759 RHK/RLE

**Settlement Stipulation and Order for Judgment**

---

**Settlement Stipulation**

The above-named parties, by and through their respective attorneys, stipulate as follows:

1. This case has been fully and finally compromised and settled on the basis set forth in this settlement stipulation.

2. Defendants U.S. Steel & Carnegie Pension Fund and Highmark Blue Cross & Blue Shield shall pay to plaintiffs the sum of $7,500. Plaintiffs shall apply this payment towards the debt of decedent Johnnie Larson at defendant County of St. Louis' nursing home, Nopeming Nursing Home.

3. Defendant County of St. Louis and its nursing home, Nopeming Nursing Home, shall write off or otherwise satisfy the balance owed on the debt of decedent Johnnie Larson.

4. Upon completion of the foregoing obligations, the account of decedent Johnnie Larson at Nopeming Nursing Home shall be considered paid and satisfied in full.

FILED JUL 24 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD JUL 24 2000
DEPUTY CLERK

5. Plaintiffs hereby release and forever discharge defendants, and their shareholders, directors, officers, employees, agents, attorneys, insurers, affiliated companies and entities, predecessors, successors, and assigns, of and from any and all actions, causes of action, claims, demands, suits, appeals, and administrative charges or complaints, known and unknown, patent or latent, on account of, or in any way growing out of or related to, the care and treatment of decedent Johnnie Larson at defendant County of St. Louis' Nopeming Nursing Home. This release includes, but is not necessarily limited to, all claims which were brought, which could have been brought, and which should have been brought in the above-captioned litigation.

6. Each party shall be responsible for the payment of her or its own attorney's fees, costs, and disbursements.

7. Plaintiffs shall be responsible for obtaining whatever probate court approval may be necessary to confirm and consummate this settlement.

8. Plaintiffs acknowledge that defendants always have denied, and always will deny, any wrongdoing and any liability to plaintiffs. Defendants are settling with plaintiffs for economic reasons and to buy peace. The payments and write-offs described above shall not be construed as an admission of wrongdoing or liability by defendants, by whom wrongdoing and liability are denied.

9. The parties jointly request the court to make the following order.

Dated: 7-13-, 2000.

Emily Larson
Emily Larson, in her individual capacity

Dated: 7-13, 2000.

Emily Larson, in her capacity as personal representative of the Estate of Johnnie Larson, deceased

Dated: 7-13, 2000.

The Estate of Johnnie Larson, deceased

By: Emily Larson
Emily Larson, Personal Representative

Dated: 7/17, 2000.

Walter Vasil #112525
200 Board of Trade Building
301 West First Street
Duluth, Minnesota 55802
(218) 722-3988
Attorneys for Plaintiffs

Dated: 7/20, 2000.

Shaun R. Floerke #228606
Assistant County Attorney
St. Louis County Courthouse Building
100 North Fifth Avenue West, #501
Duluth, Minnesota 55802-1298
(218) 726-2323
Attorneys for Defendant County of St. Louis

Dated: July 7, 2000.

Johnson, Killen & Seiler, P.A.

By:
Joseph J. Roby, Jr. #9240X
800 Norwest Center
230 West Superior Street
Duluth, Minnesota 55802
(218) 722-6331
Attorneys for Defendant U.S. Steel & Carnegie Pension Fund and Highmark Blue Cross & Blue Shield

**Order for Judgment**

Based upon the foregoing stipulation and all of the files and proceedings herein,

IT IS HEREBY ORDERED:

That plaintiffs' complaint, as amended, may be and hereby is dismissed with prejudice and upon the merits and without costs, disbursements, or fees to any party; and,

That the clerk shall forthwith enter a final judgment in conformance with this order.

Dated this 24th day of July, 2000.

BY THE COURT:

Richard H. Kyle, Judge Thereof